UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

          - v. -

LUIS EMERITH BETANZO GARCIA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:   CONSENT PRELIMINARY ORDER
:   OF FORFEITURE AS TO SPECIFIC
:   PROPERTY/
:   MONEY JUDGMENT
:
:   S1 24 Cr. 642 (LGS)
:

WHEREAS, on or about August 8, 2025, LUIS EMERITH BETANZO GARCIA (the "Defendant"), was charged in a three-count Superseding Information, S1 24 Cr. 642 (LGS) (the "Information"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two); and illegal reentry, in violation of Title 8, United States Code, Section 1326(a) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28 United States Code, Section 2461(c), of any and all firearms and

ammunition involved in or used in the offense charged in Count Two of the Information, including but not limited to:

    a.  A 12-gauge, pump action Mossberg model 500 ATP shotgun, serial number H830657;

    b.  Three cases of 12-gauge Remington shotshells; and

    c.  A Glock 43X pistol

(a. through c., collectively, the "Indictment Property");

WHEREAS, on or about August 8, 2025, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to (i) Title 21, United States Code, Section 853, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and (ii) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in the offense charged in Count Two of the Information, including, but not limited, to the Indictment Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $21,600 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with any unindicted co-conspirators (the "Co-Conspirators") that are charged for the conduct alleged in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators for such conduct;

WHEREAS, the Government has identified the following additional property as constituting the firearms and ammunition involved in or used in the offense charged in Count Two of the Information:

a. Seven magazines of assorted ammunition;

b. Two .22 caliber Luger cartridges;

c. Five 9mm Luger cartridges;

d. Thirty-six .25 caliber Remington cartridges inside a box;

e. Thirty-nine 9mm Luger cartridges inside a case;

f. Forty-five cartridges of assorted caliber in a Magtech box;

g. Fifteen .40 caliber Winchester cartridges in a Winchester Box;

h. Forty-Five .45 caliber cartridges of assorted make in a Blazer Box;

i. Fifty .45 caliber cartridges of assorted make;

j. A Kahr CM9 9mm Pistol, with serial number 104966;

k. One Kahr magazine;

l. Fifty-four 9mm cartridges of assorted make;

m. A Black Browning .25 Pistol, with serial number 140941;

n. One Browning magazine;

o. One .25 caliber cartridge of unknown make;

p. One speed loader;

q. One Allen key;

r. One orange-colored barrel lock;

s. Two keys on white-colored metal ring; and

t. One black-colored Glock gun case;

(a. through t., collectively with the Indictment Property, the "Firearms and Ammunition");

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Firearms and Ammunition that were seized by the Government on or about September 12, 2024, in front of a residence located on Ward Avenue in Bronx, New York (the "Specific Property"), which constitutes as firearms and ammunition involved in or used in the offense charged in Count Two of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys, Justin Horton and Amanda Weingarten, of counsel, and the Defendant, and his counsel, Donna Rita Newman, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $21,600 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant

would be jointly and severally liable with any Co-Conspirators that are charged for the conduct alleged in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators for such conduct, shall be entered against the Defendant.

2. As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, LUIS EMERITH BETANZO GARCIA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____     12/16/25
    Justin Horton                            _____
    Amanda Weingarten                        DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10007
    (212) 637-2276/-2257

LUIS EMERITH BETZANO GARCIA

By: _____     12/16/2025
    Luis Emerith Betzano Garcia              _____
                                             DATE

By: _____     12/16/2025
    Donna Rita Newman, Esq.                  _____
    Law Offices of Donna R. Newman           DATE
    20 Vesey Street, Suite 400
    New York, NY 10007

SO ORDERED:

_____          12/16/2025
HONORABLE LORNA G. SCHOFIELD                  _____
UNITED STATES DISTRICT JUDGE                  DATE